**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **COUNTRYMAN NEVADA, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 14 C 1380** |
| | ) | |
| **v.** | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **DOES 1-42,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

Plaintiff alleges that defendant Does 1-42 infringed its copyright in a movie by copying and distributing it on the internet in a "swarm" using BitTorrent software. (Compl. ¶¶ 4-5.) Though plaintiff alleges that defendants participated in the swarm on different days and at different times between February 1, and 10, 2014 (*id.*, Ex. A), it contends that they are all properly joined in this suit because a swarm, even one of significant duration, constitutes one transaction within the meaning of Rule 20. (*Id.* ¶ 16); *see* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action.").

Whether participation in a swarm is a sufficient basis for joinder has been the subject of some debate. *Compare, e.g., Malibu Media, LLC v. John Does 1-68*, Nos. 12 C 6675 & 12 C 6677, 2013 WL 5423872, at *3 (N.D. Ill. Sept. 27, 2013) (citing cases and stating that copyright infringement defendants are properly joined only "if they participated in the same swarm *at the same time.*") (emphasis original), *with Zambezia Film Pty, Ltd. v. Does 1-65*, No. 13 C 1321, 2013 WL 4600385, at *4 (N.D. Ill. Aug. 29, 2013) (citing cases and stating that "defendants need not be in the

same swarm at the same time to be properly joined."). However, we need not decide whether joinder

is proper, because even if it were, the Court would still sever Does 2-42 from this suit pursuant to

Federal Rule of Civil Procedure 21. *See id.* ("On motion or on its own, the court may at any time,

on just terms, add or drop a party."); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir.

2000) (stating that district courts have "broad discretion" to make severance determinations). As the

Court in *Pacific Century International, Ltd v. Does 1-101*, aptly noted:

> The manageability difficulties, procedural inefficiencies, and likelihood that
> Defendants will assert myriad factual and legal defenses compel it to sever Does 2-
> 101 from this case. An internetbased copyright infringement case with at least 101
> defendants would prove a logistical nightmare. It is likely that Defendants would
> assert different factual and legal defenses, and would identify different witnesses.
> Case management and trial of 101 such claims would be inefficient, chaotic, and
> expensive. Each Defendant's varying defenses would require the court to cope with
> separate discovery disputes and dispositive motions, and to hold separate trials, each
> based on different evidence. Joining Defendants to resolve what at least superficially
> appears to be a relatively straightforward case would in fact transform it into a
> cumbersome procedural albatross.

No. C-11-02533 (DMR), 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011) (citations omitted); *see*

*Malibu Media LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *15 (N.D. Ill. Mar. 7, 2013)

("[T]he individualized issues related to each Doe defendant's defense would wash away any judicial

economy that may have been achieved through a plaintiff's mass-litigation strategy.") Accordingly,

the Court severs Doe 1 from the remaining defendants and dismisses Does 2-42 from this suit

without prejudice to plaintiff suing them individually.

Plaintiff asks the Court for leave to issue a subpoena to Doe 1's internet service provider

("ISP") before the Federal Rule of Civil Procedure 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1)

("A party may not seek discovery from any source before the parties have conferred as required by

Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."). Rule 26

2

does not set forth a standard for doing so, but courts have generally granted such motions on a showing of "good cause." *See, e.g., Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012); *AF Holdings, LLC v. Doe*, No. 12-1398, 2012 WL 5928532, at *1 (C.D. Ill. Nov. 26, 2012). Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Hard Drive Prods., Inc.*, 283 F.R.D. at 410 (quotation omitted). Such is the case here, as subpoenaing Doe 1's ISP is the only way plaintiff can identify Doe. (*See* Compl., Ex. A, Macek Decl. ¶¶ 14-18.) Thus, the Court grants plaintiff's motion for early discovery.

### Conclusion

For the reasons set forth above, the Court severs Doe 1 from the remaining defendants and dismisses Does 2-42 from this suit without prejudice to plaintiff suing them individually, and grants plaintiff's motion to subpoena Doe 1's ISP [7].

**SO ORDERED.**                    **ENTERED:  April 9, 2014**

**HON. RONALD A. GUZMAN**
**United States District Judge**

3